AO 91 (Rev. 11/11)  Criminal Complaint

# UNITED STATES DISTRICT COURT

for the

District of Delaware

| | |
|---|---|
| United States of America | ) |
| v. | ) |
| John KULIGOWSKI | ) Case No. |
| | ) 17- 72 M |
| | ) |
| | ) |
| Defendant(s) | ) |

UNSEALED
6/30/17

SEALED

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of _____ 8/2/16 _____ in the county of _____ New Castle _____ in the

_____ District of _____ Delaware _____, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. § 922(g)(1) | Posession of a firearm by a person prohibited |

This criminal complaint is based on these facts:

Kuligowski is prohibited from possessing firearms because of a prior felony conviction. On August 2, 2016, Kuligowski was found to be in possession of a firearm by the New Castle County Police Department during his arrest for active warrants. The specific firearm found in Kuligowski's possession was an AMT .22-caliber handgun.

☑ Continued on the attached sheet.

_Complainant's signature_

ATF Special Agent Sally Koeplin

_Printed name and title_

Sworn to before me and signed in my presence.

Date: _____ 03/28/2017 _____

_Judge's signature_

City and state: _____ Wilmington, DE _____

Chief U.S. Magistrate Judge Mary Pat Thynge

_Printed name and title_

## AFFIDAVIT IN SUPPORT OF A CRIMINAL COMPLAINT

I, Sally A. Koeplin, being duly sworn, assert that the following information is true to the best of my knowledge, information, and belief:

## INTRODUCTION AND BACKGROUND OF AFFIANT

1.      I am a Special Agent with the U.S. Bureau of Alcohol, Tobacco, Firearms, and Explosives (ATF) and have been so employed since January, 2016. During that time, my duties have included the investigation of firearms offenses at both the State and Federal levels. Prior to becoming an ATF Special Agent, your Affiant was a Uniformed Division Police Officer with the United States Secret Service for over five years. During the course of your Affiant's law enforcement career, your Affiant has received law enforcement training on the investigation of firearms offenses. Your Affiant has participated in numerous investigations of firearms offenses and participated in the seizure of firearms. Your Affiant has also had numerous conversations with police officers and Federal agents about the facts and circumstances of firearms offenses. During the course of your Affiant's law enforcement career, your Affiant has also received law enforcement training on narcotics offenses and has had numerous conversations with police officers and Federal agents about the facts and circumstances of these offenses. Your Affiant has been employed as a law enforcement officer in various capacities since 2010.

2.      In that capacity, I am currently assigned as the case agent in the investigation of John KULIGOWSKI ("KULIGOWSKI"). I make this Affidavit in support of a criminal complaint for KULIGOWSKI, for violation of 18 U.S.C. § 922(g)(1), Felon in Possession of a Firearm. (the

"SPECIFIED FEDERAL OFFENSE").

3.      All information contained in this Affidavit, unless otherwise indicated, is either personally known by me or has been related to me by other law enforcement agents. Because this Affidavit is being submitted for the limited purpose of securing a criminal complaint, I have not included each and every fact known to me concerning this investigation. Rather, I have set forth only the facts that I believe are necessary to establish probable cause that the above-named Defendant violated the SPECIFIED FEDERAL OFFENSE as indicated below.

### THE SPECIFIED FEDERAL OFFENSES

4.      Pursuant to Title 18, United States Code, Section 922(g)(1), it is unlawful to possess a firearm or ammunition, in and affecting interstate and/or foreign commerce, after having previously been convicted in any court of a crime punishable by imprisonment for a term exceeding one year.

### FACTS IN SUPPORT OF PROBABLE CAUSE

5.      Your Affiant knows that, on August 2, 2016, KULIGOWSKI, a prohibited person because of prior felony convictions in the state of Delaware, was found to be in possession of a firearm by the New Castle County Police Department (NCCPD) during his arrest for active warrants. The specific firearm found in KULIGOWSKI's possession was an AMT .22-caliber handgun, serial number H39179 ("the .22"). This handgun was previously reported stolen by the owner in 2014. At the time of KULIGOWSKI's arrest, he made statements to NCCPD officers in which he claimed the gun was his, and that he traded a .40-caliber handgun to an unidentified individual for the .22 found in his possession. It is also noted that on August 8, 2016, NCCPD

2

Officer Matt Arnold stated in an investigative report that KULIGOWSKI made positive statements affirming that his girlfriend bought the .40-caliber handgun for him at Cabela's, which he said he then traded for the .22 found in his possession on August 2, 2016.

6.      On September 8, 2016, your Affiant received information from NCCPD regarding the straw purchase of a firearm by KULIGOWSKI's then-girlfriend ("the Girlfriend"), as it was related to an NCCPD investigation involving KULIGOWSKI. Your Affiant was provided security camera footage from the Cabela's store in New Castle County, recorded on July 28, 2016, during the time of the Girlfriend's purchase of a .40-caliber handgun, serial number X7249812 ("the .40"). The subpoenaed Cabela's video surveillance showed the Girlfriend exiting a red Oldsmobile Alero, the same type of vehicle KULIGOWSKI was driving on the date of his arrest. The Girlfriend exited that red Alero prior to purchasing the .40 and returned to the same vehicle immediately after completing the purchase. Through prior law enforcement interactions with KULIGOWSKI, and confirmed in post-*Miranda* conversations with KULIGOWSKI, law enforcement officers knew the Girlfriend to be KULIGOWSKI's girlfriend.

7.      On October 13, 2016, Delaware State Police (DSP) recovered the .40, purchased by the Girlfriend, during the arrest of a convicted felon. The .40 purchased by the Girlfriend and traded away by KULIGOWSKI is an alleged murder weapon, as confirmed by a ballistics report, in an ongoing state murder investigation. At the time of his arrest, the felon in possession did not provide information to DSP regarding how the handgun came to be in his possession.

8.      A review of KULIGOWSKI's criminal history revealed that he was convicted of Attempted Burglary Third Degree on or about February 10, 2011, in New Castle County Superior

3

Court; and Theft of a Motor Vehicle on or about December 6, 2011, in New Castle County Superior Court. These are both felony crimes punishable by terms of imprisonment exceeding one year.

9.      From training and experience, your Affiant also knows that the above-mentioned firearm was manufactured in a state other than Delaware such that its possession in Delaware would have necessarily required that the firearms had crossed state lines prior to its possession in Delaware and such that the possession of this firearm in Delaware would have affected interstate and/or foreign commerce.

### <u>CONCLUSION</u>

10.     Based on the foregoing factual information, I submit that there is probable cause to believe that the Defendant JOHN KULIGOWSKI has violated the SPECIFIED FEDERAL OFFENSE indicated above. Therefore, I respectfully request that the Court issue a Criminal Complaint charging those offenses.

Respectfully submitted,

Sally A. Koeplin
Special Agent
Bureau of Alcohol, Tobacco, Firearms and
Explosives

Sworn to and subscribed before me on this _____ day of March, 2017

HONORABLE *Mary Pat Thynge*
UNITED STATES MAGISTRATE JUDGE
DISTRICT OF DELAWARE

4