

**U.S. Department of Justice**

*United States Attorney's Office*
*District of Delaware*

*The Nemours Building*
*1007 N. Orange Street, Suite 700*  (302) 573-6277
*P.O. Box 2046*  FAX (302) 573-6220
*Wilmington, Delaware 19899-2046*

February 7, 2018

*VIA CM/ECF*

The Honorable Gregory M. Sleet
United States District Judge, District of Delaware
844 King Street
Wilmington, DE 19801

    Re: *United States v. John Kuligowski*
         <u>Docket No. 1:17CR00070-GMS</u>

Dear Judge Sleet:

    Please accept this letter as the government's sentencing recommendation for Defendant John Kuligowski. Sentencing in this matter is scheduled for February 12, 2018. The government anticipates that the defendant will ask the Court to sentence him to time served, which would amount to approximately eighteen (18) months. For the reasons set forth below, the United States submits that a sentence of thirty-six (36) months' imprisonment and two (2) years of supervised release meets the sentencing goals of 18 U.S.C. § 3553(a).[1] Specifically, the defendant's significant criminal history and the repercussions of his crime demonstrate that such a sentence is necessary in order to protect the community.

    The defendant's history and characteristics show a lifetime of crime combined with little respect for the law or those who seek to help him. *See* 18 U.S.C. § 3553(a)(1). This is his sixteenth interaction with the criminal justice system in fifteen years (from ages 14 to 28). PSR ¶¶ 30-63. The arc of his criminal history follows the prototype of a lifelong criminal—all before age 30. His juvenile conduct began with shoplifting, assault, and burglary. PSR ¶¶ 30-38. He had multiple marijuana arrests by age 21, followed shortly thereafter by burglary and car theft. PSR ¶¶ 48-59. He was selling heroin by age 28. PSR ¶ 63. And then he graduated to the instant offense: gun crime. None of his convictions resulted in significant incarcerations. Most that did involve confinement were suspended to probation, which he often violated.[2] PSR ¶¶ 35, 44, 48, 50, 54, 57, 59.

---

[1] As it does in every case, the United States submits a sealed Attachment A along with this letter.
[2] Even the violations usually resulted in house arrest. *See, e.g.*, PSR ¶ 44.

1

The defendant is the definition of a career criminal who, undeterred by his litany of prior convictions, decided that he ought to be able to break the law yet again—by straw purchasing, trading, and possessing guns. PSR ¶¶ 7-10. In short, he thought he could decide what the law is, presumably because his numerous interactions with the criminal justice system yielded little to no punishment. Unsurprisingly, his criminal conduct continued unabated. Thus, this recommendation is not about specific deterrence of the defendant's future conduct. Rather, thirty-six (36) months in prison would protect the public. 18 U.S.C. § 3553(a)(2)(C).

Finally, the defendant's conduct was serious and had deadly consequences. *See* 18 U.S.C. § 3553(a)(2)(A) (need for the sentence to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense). The defendant used his girlfriend to purchase a firearm for him because he knew he could not buy one himself. PSR ¶¶ 7-8. He then almost immediately traded the gun away for a stolen one. PSR ¶ 10. Finally, although the defendant would have this Court believe he bears no responsibility, the gun was used in the murder of an innocent young mother just weeks after he facilitated its purchase and traded it away. PSR ¶¶ 10-11. The defendant cannot credibly claim that he thought trading the gun on the street might lead to anything other than deadly consequences. We often speak in the abstract about what *could* happen when guns get into the wrong hands; here, the worst *did* happen.

Finally, while the defendant has accepted responsibility for his conduct, he lacks many of the true signs of remorse that this Court sees from other defendants. Beyond the fact that his record is littered with violations of probation, PSR ¶¶ 30-63, other red flags exist. For example, the defendant has abused substances since the age of eleven, and is a veteran of several substance abuse programs. PSR ¶¶ 88-89. Yet he "does not believe he needs [substance abuse] counseling[.]" PSR ¶ 90.

Thirty-six (36) months in prison is different than anything the defendant has faced thus far in his life. The incremental punishment that the defendant has experienced to date, all in the state system, have not at all affected his behavior. His history and conduct have earned him a sentence measured in years, not months. His conduct has escalated; so must the punishment.

For the reasons set forth above, the United States respectfully requests that the Court sentence Defendant John Kuligowski to thirty-six (36) months' imprisonment, to be followed by two (2) years of supervised release. It is the government's sincere hope that such a sentence would break the defendant's lifelong, persistent criminal habits.

Respectfully Submitted,

DAVID C. WEISS
ACTING UNITED STATES ATTORNEY

BY:    */s/ Alexander S. Mackler*
        Alexander S. Mackler
        Assistant United States Attorney